Angelina **KRUSILLA** and **Elizabeth Peras,**
Plaintiffs-Appellees,

v.

**UNITED STATES of America,**
Defendant-Appellant.

No. 180, Docket 26240.

United States Court of Appeals
Second Circuit.

Argued Jan. 18, 1961.

Decided Feb. 16, 1961.

Jeffrey H. Jennings, Smithtown, N. Y., for plaintiffs-appellees.

Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Sherman L. Cohn, Atty., Dept. of Justice, Washington, D. C., and Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y., on the brief), for defendant-appellant.

Before MEDINA, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

Martin Krusilla was employed as a stoker on a ferryboat on a route across the Hudson River between New York and New Jersey. His duties consisted of shoveling coal into the furnace of the ferryboat and cleaning out the ashes in 130-degree heat. As he was classified as a seaman, he availed himself of the facilities of the Public Health Service, as provided in 42 U.S.C.A. § 249(a) (1), and visited the Out-patient Clinic in New York City on March 17, 1952, complaining of symptoms of "heart failure." He visited the Clinic forty-three times be-

tween March 17, 1952 and February 8, 1954, the date of his death. At times he was pronounced "fit for duty" and at times "not fit for duty." Occasionally, although advised that he was "not fit for duty," he returned to his work, but the employees of the Public Health Service were not informed of this. He had an undoubted heart condition. On February 8, 1954 he called again at the Clinic, said he was "not much good today," and for the first time complained of pains in his chest, and he had a pulse more rapid than usual. The doctor whom Krusilla consulted on this last occasion informed him, as he had on previous occasions, that he was not fit for duty and handed him a written "NFFD" slip. However, although he had just been pronounced not fit for duty, Krusilla returned to work and died on the same day as he was shoveling coal on the ferryboat. The trial judge found that it was negligence on the part of the doctor not to impress upon Krusilla the seriousness of his condition, and that, as Krusilla was an immigrant of limited intelligence and limited command of the English language, and because of other attendant circumstances, it was not contributory negligence for Krusilla to go to work in spite of the fact that he was told he was not fit for duty. While the case is a close one, on both issues, we cannot say the evidence does not support the findings. There is ample medical proof that Krusilla's condition on February 8, 1954 was such that it would be "dangerous" for him to do the strenuous kind of work his occupation required, and that this meant that he would die if he did such work in his then condition. While the record unfortunately does not disclose what the doctor said to Krusilla on February 8, 1954, there is enough to persuade a trier of the facts that, despite the worsening of his condition, and the fact that it would be "dangerous" for him to go back and shovel coal, the doctor did no more than give him the usual information that he was not fit for duty. While it is argued that the record is bare of any competent professional evidence of the existence of any standard of medical conduct that would require that a patient in Krusilla's condition be given some reasonable warning of the seriousness of his condition, something more than the statement made to him on previous occasions when his condition was not so serious, we think an inference to this effect may justifiably be drawn from the medical testimony in the record. We find it unnecessary to discuss other points urged by appellant as none of them have any merit.

Affirmed.